Concurring opinion filed by Senior Circuit Judge FRIEDMAN.
FRIEDMAN, Senior Circuit Judge,
concurring in the judgment.
I agree with the court that the appellant Teva Pharmaceuticals USA, Inc. (“Teva”) has shown an “actual controversy” under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and that the district court’s judgment dismissing Teva’s declaratory judgment action for lack of jurisdiction should be reversed. I write separately because I take a somewhat different, and shorter, path than the court does in reaching that conclusion.
In MedImmune, Inc., v. Genentech, Inc., — U.S. -, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), the Supreme Court rejected this court’s settled view that a patent licensee must “terminate or be in breach of its license agreement before it can seek a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed.” Id., 127 S.Ct. at 767; see Gen-Probe Inc. v. Vysis, 359 F.3d 1376 (Fed.Cir.2004). The Supreme Court ruled that the jurisdiction of the district court did not turn on whether the declaratory judgment plaintiff had stopped paying royalties under or otherwise terminated the license, but on the general broader principles governing declaratory judgment jurisdiction, namely, whether the dispute between the parties is “ ‘definite and concrete, touching the legal relations of parties having adverse legal interests’; and that it be ‘real and substantial’ and ‘admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.... Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.’ ” MedImmune, 127 S.Ct. at 771-72 (citation and footnote omitted).
In a somewhat detailed footnote, the Supreme Court stated that this court’s “ ‘reasonable apprehension of imminent suit’ test” for determining declaratory judgment jurisdiction in patent cases (see Teva Pharms. USA, Inc. v. Pfizer, 395 F.3d 1324, 1333 (2005)) “would still contradict” a prior Supreme Court case and also “eonflictn” with another Supreme Court case, both of which that Court had relied on in its license breach ruling. Id., 127 S.Ct. at 775 n. 11. Although these foot *1347 note statements were dicta, the Court apparently was telling us that it rejected our “reasonable apprehension of imminent suit” test for determining declaratory judgment jurisdiction in patent cases, and that the broader general rules governing declaratory judgment jurisdiction also govern patent cases.
In these unusual circumstances, where the Supreme Court went out of its way to state its disagreement with our “reasonable apprehension of imminent suit” test, which was not an issue in the case before it, it appears incumbent on us to stop using that test and hereafter to apply the general declaratory judgment standards that the Supreme Court applied in Medlmmune.
I agree with the court that under these general standards there was an “actual controversy” between Teva and Novartis about the infringement and validity of the four patents relating to the Famvir® technology. All five of Novartis’ Famvir® patents are closely related. As this court here recognizes, by listing those five patents in the Orange Book, “Novartis represented] that a ‘claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use or sale’ of generic famciclovir covered by the claims of its listed Famvir® patents.” Maj. Op. at -. In its Abbreviated New Drug Application filed with the Food and Drug Administration, Teva certified under paragraph IV of 21 U.S.C. § 355(j)(2)(A)(vii) that “its drug did not infringe” any of the five Novartis Famvir® Orange Book patents or that the patents were invalid. There thus is an existing controversy between the parties over whether Teva’s generic version of Famvir® would infringe the four other Famvir® patents listed in the Orange Book, and whether these patents are valid. Novartis’ filing of the suit charging that Teva has infringed one of those five patents and Teva’s filing a declaratory judgment suit relating to the other four patents confirms that the controversy between the parties is continuing.